question of whether the court erred. Branch's P.C., 2d Edition, Sec. 763, p. 62; King v. State, 35 Tex.Cr.R. 472, 478, 34 S.W. 282; Anderson v. State, 56 Tex. Cr.R. 360, 120 S.W. 462; Brown v. State, 125 Tex.Cr.R. 507, 69 S.W.2d 411.

■ Even though we were to consider the statement of appellant's counsel upon the question of waiver, the fact remains, nevertheless, that there is an absence of any showing that the appellant agreed to, acquiesced in, or adopted as his own the statement of his counsel. So far as this record is concerned, the appellant did nothing whereby it could be said that he withdrew his motion for severance or waived his right to have the motion passed upon and the severance granted, as therein prayed for.

Under the facts stated, we conclude that the acts or statement of the attorneys could not be utilized as constituting a waiver by appellant of his valuable right to file and present and urge his motion for severance.

■ Finally, it must be remembered that the filing or granting of a motion for severance does not secure to the accused the right to use a co-indictee as a witness. For that right to become complete, the co-indictee must be tried and acquitted of the offense charged, or the accusation dismissed.

Until those conditions have been met, the right to use the testimony of the co-indictee as a witness is not shown. So at the time of the claimed waiver, by appellant's counsel, of the testimony of the co-indictee, no right existed in the appellant to use the co-indictee as a witness or to receive the benefit of his testimony.

We are constrained to conclude that the overruling of the motion for severance requires a reversal of this case.

The judgment is reversed and the cause is remanded.

Louis TILLMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 28952.

Court of Criminal Appeals of Texas.

April 10, 1957.

No attorney for appellant of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale in a dry area; the punishment, a fine of $150.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review.

The judgment is affirmed.